UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

CIVIL ACTION NO. 5:10CV-00181-JHM

MARK TUNNE, *pro se*　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF

VS.

PAUL MAYNARD HENDRICK, et al.　　　　　　　　　　　　　　　DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on motions by Plaintiff, Mark Tunne, *pro se*, for default judgment against Defendant, Paul Maynard Hendrick [DN 24, 26]; on a motion by Defendant, Wayne Shelton, to dismiss for failure to state a claim and to effect service [DN 28]; on a motion by Defendant, Student Loan X-Press, to dismiss [DN 29]; on a motion by Defendant, Thomas L. Osborne, to dismiss under Fed. R. Civ. P. 12(b)(5) and 12(b)(6) [DN 30]; on a motion by Plaintiff for sanctions and correction pursuant to Fed. R. Civ. P. 60 and to strike Plaintiff's amended complaint and default judgment motion pursuant to Rule 12(f) [DN 31]; on a motion by Defendant, Laxmaiah Manchikanti, for judgment on the pleadings [DN 41]. These matters are ripe for decision.

**I. BACKGROUND**

On October 12, 2010, Plaintiff, Mark Tunne, *pro se*, filed his original Complaint. Plaintiff is a former student at the American Justice School of Law ("AJSL"), later known as the Barkley School of Law ("BSL"). Plaintiff instituted this action against Paul Maynard Hendrick, former Dean, President, and Owner of AJSL; Jarrod Ashley Turner, Assistant Dean and Secretary of AJSL; CPA Wayne Shelton, Treasurer of AJSL and law professor; Thomas L. Osborne, Chairman of the AJSL Board, Owner of BSL, and a law professor; Dr. Laxmaiah Manchikanti, subsequent Owner of BSL and its chief investor; Student Loan X-Press, the sole, private, student loan provider to AJSL; and John and Jane Does.

In his complaint and amended complaint, Plaintiff alleges violations of various federal and state laws surrounding Defendants' alleged financial abuse and fraudulent use of students' loan proceeds and the law school's funds; mismanagement of the law school's operations; and corruption and fraud. Specifically, Plaintiff's claims include: (1) criminal and civil violations of the Racketeering and Corrupt Organizations Act (RICO), 18 U.S.C. § 1650; (2) wire fraud, 18 U.S.C. § 1443; (3) mail fraud, 18 U.S.C. § 1441; (4) bank fraud, 18 U.S.C. § 1344(2); (5) extortion in violation of 18 U.S.C. § 1951(a); (6) embezzlement/failure to make required disposition of property in violation of KRS § 514.070; (7) conspiracy in violation of 18 U.S.C. § 371; (8) tax fraud, 26 U.S.C. § 7206; (9) Unfair, False, Misleading and Deceptive Acts in the conduct of any trade under KRS § 367.170-175; (10) false statements to American Bar Association in violation of 18 U.S.C. § 1001; (11) negligence and gross negligence; (12) violation of the Civil Rights Act, 42 U.S.C. § 1983 and § 1985; (13) fraud; (14) conversion; (15) breach of fiduciary duty; (16) for an accounting; (17) breach of contract; (18) breach of the covenant of good faith and fair dealing; (19) violations of the Kentucky Consumer Protection Act; (20) intentional infliction of emotional distress; and (21) assorted constitutional violations. Additionally, in his amended complaint, Plaintiff requests certification as a class action on behalf of all former students of AJSL and clarifies the relief sought.

Because Plaintiff is proceeding *in forma pauperis*, the Court reviewed the complaint and amended complaint pursuant to 28 U.S.C. § 1915(e)(2). By Memorandum Opinion and Order entered May 2, 2011, the Court dismissed Plaintiff's claims based on 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, and the Federal Tort Claims Act. In addition, the Court dismissed all claims asserted by Plaintiff based upon federal criminal statutes including alleged violations of 26 U.S.C. § 7206 (tax fraud), 18 U.S.C. § 371 (conspiracy to commit offense or to defraud United States); 18 U.S.C. § 1341, § 1343, and § 1344(2)(mail fraud, wire fraud, and bank fraud); 18 U.S.C.

2

§ 1512 (tampering with a witness, victim, or an informant); and 18 U.S.C. § 1951 (extortion).  The Court also denied Plaintiff's request for certification as a class action.

The Court permitted Plaintiff's federal antitrust and civil RICO claims and all state law claims to proceed beyond initial review under 28 U.S.C. § 1915(e)(2).  The Court ordered the Clerk of Court to issue summons and the United States Marshal to serve a copy of the complaint and amended complaint on each Defendant in accordance with Fed. R. Civ. P. 4(c)(3). [DN 10 at 7.] Plaintiff moved to re-serve Defendant Jarrod Ashley Turner due to an incorrect address.  The Court granted the motion and the summons was delivered to the United States Marshal for service on October 3, 2011.  The summons has yet to be returned executed by the United States Marshal. Defendants, Wayne Shelton, Student Loan X-Press, Thomas L. Osborne, and Laxmaiah Manchikanti, have filed separate motions to dismiss and/or for judgment on the pleadings. Defendant, Paul Maynard Hendrick, failed to answer the complaint or file a motion to dismiss.

## II.  MOTION TO DISMISS

Defendants, Wayne Shelton, Student Loan X-Press, and Tom Osborne, move to dismiss Plaintiff's complaint for insufficient service of process and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6) [DN 28, DN 29, DN 30].  Defendant, Laxmaiah Manchikanti, moves  for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c)  [DN 41].

### A. Standard of Review

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)[1], the Court "must construe the complaint in the light most favorable to plaintiffs, accept all well-pled

---

[1] "A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) attacks the sufficiency of the pleadings and is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss." United States v. Jewelry House Corp., 2011 WL 3501839, *1 (W.D. Ky. Aug. 10, 2011)(citing Ziegler v.. IBP Hog Mkt., Inc., 249 F.3d 509, 511–12 (6th Cir. 2001)).

factual allegations as true," League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007), and determine whether the "complaint states a plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009).  Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.  A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct. . . ." Id. at 1949, 1950.  Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**B.  Service of Process**

The Defendants were served by certified mail pursuant to Fed. R. Civ. P. 4(c).  The envelope sent to each Defendant contained a copy of the summons and the amended complaint.  Defendants have now moved to dismiss both the complaint and amended complaint based upon insufficient service of process asserting that the Plaintiff failed to serve a copy of the original complaint upon the Defendants as required by Rule 4(c).

When a plaintiff is proceeding *in forma pauperis*, the Court must screen the complaint and amended complaint pursuant to 28 U.S.C. §1915(e)(2) prior to service on Defendants.  See McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).  Additionally, "when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the

4

complaint." Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(3) (indicating that a court must order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court if the plaintiff is authorized to proceed *in forma pauperis* under § 1915).

In the present case, the Clerk's Office inadvertently failed to transmit a copy of the complaint to the United States Marshal for service to the Defendants. Having taken reasonable steps to identify the Defendants in question, the Plaintiff discharged his duty under Rule 4. Therefore, the Defendants' motions to dismiss for insufficient service of process are denied. See Abel v. Harp, 122 Fed. Appx. 248, 251-252 (6th Cir. 2005). In accordance with Fed. R. Civ. P. 4(c)(3), the Court will order the Clerk of Court to serve the Defendants with the summons, the complaint, and the amended complaint. Furthermore, because the Defendants have not properly been served in this matter, the remaining motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c) are denied as moot.

### III. MOTION FOR SANCTIONS AND MOTION TO STRIKE

Plaintiff moves for sanctions and correction pursuant to Fed. R. Civ. P. 60 and to strike Plaintiff's amended complaint and default judgment motion pursuant to Rule 12(f) [DN 31]. Plaintiff alleges that counsel for the Defendants perpetrated a fraud on the Court by requesting extensions of time to file responsive pleadings, downloading the complaint, and then filing motions to dismiss. Plaintiff moves for sanctions against counsel arguing that Defendants were not in a position to file motions to dismiss because the Clerk's Office had not properly served the complaint upon the Defendants. Plaintiff also moves the Court to correct the clerical error made by the Clerk's Office when it failed to transmit a copy of the original complaint for service upon the Defendants as required by Rule 4(c). Plaintiff seeks to have each Defendant re-served the summons and complaint. Finally, Plaintiff seeks to strike the amended complaint and the motions for default

5

judgment against Paul Hendrick.

### A. Sanctions

The Defendants properly requested, and were granted, an enlargement of time in which to answer or otherwise respond to the complaint and the amended complaint. [DN 23.] Pursuant to the Federal Rules of Civil Procedure, a defendant can elect to file an answer to a complaint or can assert by motion those defenses permitted by Fed. R. Civ. P. 12(b), including the defense of insufficient service of process and the defense of failure to state a claim upon which relief may be granted. Contrary to Plaintiff's argument, a request for an extension of time to file a responsive pleading and the filing of a motion to dismiss does not rise to the level of conduct which can be characterized as fraud upon the Court. Therefore, the Court declines to award sanctions against defense counsel.

### B. Service of the Complaint and Motion to Strike Default Judgment

Plaintiff moves to strike his motions for default judgment against Defendant, Paul Hendrick, because Hendrick did not receive service of the complaint. Plaintiff also requests the Court to direct the Clerk of Court to serve the complaint on all the Defendants. For the reasons set forth above, these motions are granted.

### C. Motion to Strike Amended Complaint

The Plaintiff seeks to strike the amended complaint pursuant to Fed. R. Civ. P. 12(f). Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court may act on its own or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). Defendants do not object to the motion to strike provided that the amended complaint is dismissed with prejudice.

After considering the arguments of the parties, Plaintiff's motion to strike the amended

complaint pursuant to Rule 12(f) is denied. Fed. R. Civ. P. 12(f) does not allow for the relief Plaintiff requests. Additionally, Plaintiff appears to make this request in part because the Defendants have yet to be officially served with the original complaint. However, there is no reason to strike the amended complaint to effectuate service of the complaint on the Defendants. Additionally, Plaintiff moves to strike the portions of the amended complaint that have previously been dismissed by the Court during the initial screening of the case under 28 U.S.C. § 1915(e)(2). As those portions of the amended complaint have already been dismissed, the motion to strike is moot. In as much as Plaintiff no longer seeks to pursue the remaining claims asserted in his amended complaint, Plaintiff may so state in his response to any motions to dismiss filed by the Defendants.

### IV.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED**:

(1) The motions by Defendants, Wayne Shelton, Student Loan X-Press, and Thomas L. Osborne, to dismiss the complaint for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5) [DN 28, DN 29, DN 30] are **denied**. The motions by Defendants, Wayne Shelton, Student Loan X-Press, and Thomas L. Osborne, to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) [DN 28, DN 29, DN 30] and the motion by Defendant, Laxmaiah Manchikanti, for judgment on the pleadings [DN 41] are **denied as moot** with leave to refile.

(2) The Clerk of Court shall prepare and issue summons for Defendants, Paul Maynard Hendrick, Wayne Shelton, Thomas Osborne, Laxmaiah Manchikanti, and Student Loan X-Press, and that the United States Marshal shall serve a copy of the complaint (DN 1), the amended complaint (DN 8), and summons on these Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4(c)(3).

(3) The motion by Plaintiff, Mark Tunne, *pro se*, for sanctions and correction pursuant to Rule 60 and to strike Plaintiff's amended complaint and default judgment motion pursuant to Rule 12(f) [DN 31] is **granted in part and denied in part**.  Specifically, the motion by Plaintiff for sanctions pursuant to Fed. R. Civ. P. 60 is **denied**.  The motion by Plaintiff to strike his amended complaint pursuant to Fed. R. Civ. P. 12(f) is **denied**.  The motion by Plaintiff to strike the motion for default judgment against Paul Hendrick is **granted**.  The motion by Plaintiff for an order directing the Clerk of Court to serve the complaint on Defendants is **granted**.

(4) The motions by Plaintiff for default judgment against Defendant, Paul Hendrick, [DN 24, DN 26] are **denied as moot**.


cc: Mark Tunne, *pro se*
    counsel of record